**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JESSE CROASMUN, ANTHONEY FRANKLIN, MARTIN HERTZFELD, KAMILLA ILISHAYEVA, MUSTAFA JAMEEL, MENONA MASSEI, KERI NAES, and MARC NICE, <br><br> Petitioners, <br><br> v. <br><br> ADTALEM GLOBAL EDUCATION, INC., <br><br> Respondent. | Case No.: 20-cv-1411 |

**PETITION TO COMPEL ARBITRATION**

Petitioners, JESSE CROASMUN ("Croasmun"), ANTHONEY FRANKLIN ("Franklin"), MARTIN HERTZFELD, ("Hertzfeld"), KAMILLA ILISHAYEVA ("Ilishayeva"), MUSTAFA JAMEEL ("Jameel"), MENONA MASSEI ("Massei"), KERI NAES ("Naes"), MARC NICE ("Nice") hereby petition this Court, pursuant to 9 U.S.C. § 4, for an order compelling Respondent Adtalem Global Education, Inc. ("Adtalem") to arbitrate their claims alleging consumer fraud. In support of this Petition, Petitioners state as follows:,

I.  **INTRODUCTION**

1.  This is a very simple action to enforce an arbitration agreement between Petitioners and a corporate Respondent, Adtalem, to litigate their arbitration claims in a different forum than originally provided for in the enrollment agreement entered into by Petitioners.

2.  This action seeks to enforce Adtalem's explicit agreement to arbitrate pursuant to a defined set of rules in a specific forum and pay forum fees as required by those rules.

3.     The whole purpose of consumer arbitration, which Adtalem expressly consented to, is to provide an economical way to resolve individual claims not suitable for class resolution such as Petitioners'.

4.     Respondent has agreed to arbitrate dozens of identical claims pursuant to the attached agreements including one immediately before hearing on a motion to dismiss an identical petition (*Forsythe v. Adtalem* N.D. Ill. 19 cv 3793) but refuses to participate in Petitioners' arbitrations and pay the required $1,250 fee to have an arbitrator appointed in each.

## II.     PARTIES

5.     Respondent, Adtalem, is a corporation organized and existing under the laws of Delaware, formerly known as DeVry Education Group, and is domiciled in the Northern District of Illinois.

6.     Petitioner, Croasmun, is a citizen of and domiciled in the state of Pennsylvania.

7.     Petitioner, Franklin, is a citizen of and domiciled in the state of Texas.

8.      Petitioner, Hertzfeld, is a citizen of and domiciled in the state of Pennsylvania.

9.     Petitioner, Ilishayeva, is a citizen of and domiciled in the state of Pennsylvania.

10.     Petitioner, Jameel, is a citizen of and domiciled in the state of Texas.

11.     Petitioner, Massei, is a citizen of and domiciled in the state of Texas.

12.      Petitioner, Naes, is a citizen of and domiciled in the state of Missouri.

13.      Petitioner, Nice, is a citizen of and domiciled in the state of Ohio.

## III.     JURISDICTION AND VENUE

14.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a dispute between citizens of different states, and the amount in controversy exceeds $75,000.

15.     Venue in this District is proper pursuant to 9 U.S.C. § 4.

16.     The Court has personal jurisdiction over Adtalem because consented to an arbitration hearing in this District and is a citizen of Illinois.

**IV.     <u>COMMON ALLEGATIONS</u>**

17.     Between June 13, 2017 and September 19, 2017, Petitioners filed statements of claim against DeVry Education Group, Inc., ("DeVry") with the American Arbitration Association ("AAA") under its Consumer Arbitration Rules.

18.     DeVry, now known as Adtalem, is a Delaware corporation and for-profit education company headquartered in Downers Grove, Illinois. Adtalem owns and operates DeVry University, Inc. and DeVry/New York, Inc.

19.     Not long after settling consumer fraud claims with the Federal Trade Commission, DeVry attempted to distance itself from admissions of consumer fraud and rebranded itself as "Adtalem Global Education".

20.     The DeVry Education Group Enrollment Agreement, which contains an arbitration clause required to be entered into by all purchasers of a DeVry Education, provides in full:

> Any claim or controversy arising out of or related to this Agreement or the education provided by DeVry, regardless of form or cause of action shall be decided and determined by binding arbitration under the commercial rules of the American Arbitration Associates [*sic*]. The parties acknowledge and agree that this agreement involves interstate commerce and that the Federal Arbitration Act will govern the enforceability of this provision.

21.     Petitioners' Enrollment Agreement requires the arbitration of their claims against DeVry detailed in the attached Statements of Claim (hereinafter "Consumer Fraud Claims").

22.     Petitioners' agreement with Adtalem is a "consumer arbitration agreement" thus the Consumer Arbitration Rules apply. *See* (Consumer Arbitration Rules Attached hereto as Exhibit "A" and incorporated herein).

23. Rule R-1 of the AAA Commercial Arbitration Rules provides: "A dispute arising out of a consumer arbitration agreement will be administered under the AAA's Consumer Arbitration Rules"

24. The AAA Consumer Arbitration Rules provide in pertinent part:

"The American Arbitration Association® ("AAA®," "the Association") applies the Consumer Arbitration Rules ("Rules") to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use."

Examples of contracts that typically meet the criteria for application of these Rules, if the contract is for personal or household goods or services and has an arbitration provision, include, but are not limited to the following: …**Private school enrollment agreement**." (emphasis added)

25. The AAA Consumer Arbitration Rules are unique and very pro-consumer with the purpose of enabling resolution of claims quickly and inexpensively for consumers.

26. There is no dispute over the amount of fees owed by Respondent and the amount and allocation of fees necessary to commence the arbitration and appoint an arbitrator is defined in the arbitration rules and not a matter for which the arbitrator has any discretion.

27. The key distinction of the AAA Consumer Arbitration Rules from any other arbitration rules is that they shift the cost to the Respondent or "Business".

28. When a consumer arbitration is administered by AAA the costs are allocated as follows:

- Consumer Pays
  - Filing Fee—$200
- Respondent/Business Pays
  - Filing Fee—$1,700
  - Hearing Fee—$500

    o    Arbitrator Compensation—$1,500[1]

29.    The Consumer Arbitration Rules provide that every expense except for the initial $200 fee is born by the Respondent/Business including but not limited to charges related to the hearing room, a $500 fee for teleconferencing, and "[a]ll expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the business." *See* (Exhibit "A" p. 39-44)

30.    On or about December, 22, 2017, Adtalem proposed using Judicial Arbitration and Mediation ("JAMS") instead of AAA to hear Petitioners' Consumer Fraud Claim among others filed by Stoltmann.

31.    On March 27, 2018, Petitioner and Adtalem entered into a written agreement in which they consented to file their claim with JAMS in consideration of Adtalem reimbursing filing fees Stoltmann paid to AAA and not seeking to adjudicate the claims in any other forum. (Contract attached hereto as Exhibit "B" and incorporated herein).

32.    Petitioners expressly authorized their attorneys to enter into the Contract on their behalf.

33.    Between April 10, 2018 and July 5, 2018, pursuant to the Contract, Petitioners submitted their Consumer Fraud Claims with JAMS. (JAMS Statements of Claim attached hereto as Group Exhibit "C" including Enrollment Agreement and incorporated herein).

---

[1] The Consumer Rules provide: "The AAA reserves the right to raise the daily or per-case arbitrator compensation rate because of the complexity of the case or for processes and procedures beyond those provided for in these Rules and which may be required by the parties' requests, agreement, or stipulation (1) at the time of the AAA's initiation of the case; (2) upon the addition of a new party; (3) when a change of claim is made and, if necessary, approved by the arbitrator(s); (4) or if circumstances arise during the course of the case due to the complexity of issues and submissions by the parties. Any determination by the AAA on compensation rates is in the sole discretion of the AAA and such decision is final and binding on the parties and arbitrator.

34. Adtalem, performed pursuant to the Contract and tendered payment to Stoltmann in the amount of $46,903.

35. JAMS demanded payment of filing fees from Adtalem for the Petitioners cases in the amount of $1,250 per claim.

36. Upon information and belief, Adtalem has ignored all calls and emails from the JAMS assigned case manager attempting to expedite resolution of Petitioners' claims.

37. On July 8, 2018, Counsel for Adtalem communicated to JAMS via email in response to a request from JAMS for missing items necessary to process the claim:

> Not sure if you are aware, but the parties are litigating the administrative fee issue in the Circuit Court of Cook County. See attached. I understand you may need to continue to send these Requests for Missing Items, **but <u>we won't be responding</u> to these until the pending lawsuit is resolved**.

(emphasis added)

38. As a result of Adtalem's failure to pay the required filing fees, no arbitrator has been appointed to hear Petitioners' claims and no hearings are set. Court intervention is required for these claims to proceed.

39. On, June 13, 2018, Adtalem repudiated the Contract in a letter that provided in pertinent part:

> You have rejected that approach claiming that you have a "client problem." You have stated that all 300 individuals that had their cases previously filed with the AAA want their cases to be proceed promptly, and that you feel compelled to file their cases with JAMS. However, Adtalem did not agree to pay the filing fees for hundreds or even thousands of arbitration claims that may never be litigated or tried at a cost of hundreds of thousands of dollars. Indeed, it would cost the parties $450,000 in filing fees alone for the first 300 claims you intend **to** file. Moreover, it is unrealistic to think that either JAMS or the parties can feasibly simultaneously litigate and try hundreds or thousands of cases.

**JAMS has indicated that it will accept the filing of your cases**. Adtalem proposes to pay its share of the filing fee for those cases that are actually going to being litigated and tried. If after the parties have litigated and tried a reasonable number of cases, the parties feel more cases should be tried, Adtalem will then pay the filing fees for those next cases. **Adtalem, however, will not pay the filing fees for cases that have no realistic chance of being litigated due to the constraints of the parties and of JAMS**.

40.     On June 18, 2018, Adtalem doubled down on its repudiation in an email which

provided in pertinent part:

I write in response to your June 14, 2018 letter, responding to my June 13, 2018 letter. I am aware of the stipulation between the parties regarding these arbitrations and the reasoning behind it. But the stipulation does not support your position. Indeed, the issue remains the same: you have not identified a reasonable or practical way to proceed with 300-350 arbitrations simultaneously.

41.     Through its letters and the failure to timely pay filing fees, Adtalem repudiated the

Contract by manifesting a clear intent not to allow Petitioners' claim to proceed in JAMS.

42.     The AAA Consumer Arbitration rules provide

R-54. Remedies for Nonpayment (a) If arbitrator compensation or administrative charges have not been paid in full, the AAA may inform the parties so that one of them may forward the required payment. (b) **Once the AAA informs the parties that payments have not been received, a party may request an order from the arbitrator directing what measures might be taken in light of a party's nonpayment**. Such measures may include limiting a party's ability to assert or pursue its claim. However, **a party shall never be precluded from defending a claim or counterclaim**. The arbitrator must provide the party opposing a request for relief with the opportunity to respond prior to making any determination. In the event that the arbitrator grants any request for relief that limits any party's participation in the arbitration, the arbitrator will require the party who is making a claim and who has made appropriate payments to submit the evidence required to make an award. (c) **Upon receipt of information from the AAA that full payments have not been received,** *the arbitrator, on the arbitrator's own initiative, may order the suspension of the arbitration*. If no arbitrator has yet been appointed, the AAA may suspend the proceedings. (d*) If arbitrator compensation or AAA administrative fees remain unpaid after a determination to suspend an arbitration due to nonpayment, the arbitrator has the authority to terminate the*

7

*proceedings*. Such an order shall be in writing and signed by the arbitrator. The impact of the termination for nonpayment of the Consumer Clause Registry fee is the removal from the "Registered" section of the Registry.

43.    Petitioners' claims have languished for over a year because Respondents refuse to pay the fee necessary to appoint an arbitrator as previously agreed.

## V.    CLAIMS

### COUNT I
### *Coasum v. Adtalem*
### (PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)

44.    Coasum repeats and realleges the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 44 of Count I as though fully set forth herein.

45.    Petitioner has performed all conditions, covenants, and promises on his part to be performed in accordance with the terms and conditions of the Contract.

46.    Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

47.    Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

48.    Adtalem refused to participate in the arbitration of Petitioner's claim.

49.    Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

50.    The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

51.     The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

52.     Respondent refuses to arbitrate as agreed.

53.     Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, JESSE CROASMUN, respectfully requests that this Court enter judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

## COUNT II
### *Franklin v. Adtalem*
### (PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)

54.      Franklin, repeats and realleges  the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 54 of Count II as though fully set forth herein.

55.     Petitioner has performed all conditions, covenants, and promises on his part to be performed in accordance with the terms and conditions of the Contract.

56.     Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

57.     Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

58.     Adtalem refused to participate in the arbitration of Petitioner's claim.

59.     Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

60.     The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

61.     The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

62.     Respondent refuses to arbitrate as agreed.

63.     Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, ANTHONEY FRANKLIN, respectfully requests that this Court enter judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

## COUNT III
### *Hertzfeld v. Adtalem*
### (PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)

64.     Hertzfeld repeats and realleges  the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 64 of Count III as though fully set forth herein.

65.     Petitioner has performed all conditions, covenants, and promises on his part to be performed in accordance with the terms and conditions of the Contract.

66.     Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

67.     Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

68.     Adtalem refused to participate in the arbitration of Petitioner's claim.

69.     Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

70.     The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

71.     The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

72.     Respondent refuses to arbitrate as agreed.

73.     Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, MARTIN HERTZFELD, respectfully requests that this Court enter judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

### COUNT IV
### *Ilishayeva v. Adtalem*
### (PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)

74.     Ilishayeva repeats and realleges  the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 74 of Count IV as though fully set forth herein.

75.     Petitioner has performed all conditions, covenants, and promises on her part to be performed in accordance with the terms and conditions of the Contract.

76.     Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

77.     Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

78.     Adtalem refused to participate in the arbitration of Petitioner's claim.

79.     Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

80.     The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

81.     The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

82.     Respondent refuses to arbitrate as agreed.

83.     Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, KAMILLA ILISHAYEVA, respectfully request that this Court enter judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

<u>**COUNT V**</u>
*Jameel v. Adtalem*
**(PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)**

84.     Jameel repeats and realleges the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 84 of Count V as though fully set forth herein.

85.     Petitioner has performed all conditions, covenants, and promises on his part to be performed in accordance with the terms and conditions of the Contract.

86.     Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

87.     Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

88.     Adtalem refused to participate in the arbitration of Petitioner's claim.

89.     Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

90.     The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

91.     The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

92.     Respondent refuses to arbitrate as agreed.

93.     Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, MUSTAFA JAMEEL, respectfully request that this Court enter

judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

## COUNT VI
### *Massie v. Adtalem*
### (PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)

94.      Massie repeats and realleges  the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 94 of Count VI as though fully set forth herein.

95.      Petitioner has performed all conditions, covenants, and promises on his part to be performed in accordance with the terms and conditions of the Contract.

96.      Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

97.      Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

98.      Adtalem refused to participate in the arbitration of Petitioner's claim.

99.      Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

100.      The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

101.      The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

102.      Respondent refuses to arbitrate as agreed.

14

103.    Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, MENONA MASSEI, respectfully request that this Court enter judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

**COUNT VII**

*Naes v. Adtalem*

**(PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)**

104.    Naes, repeats and realleges  the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 104 of Count VII as though fully set forth herein.

105.    Petitioner has performed all conditions, covenants, and promises on her part to be performed in accordance with the terms and conditions of the Contract.

106.    Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

107.    Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

108.    Adtalem refused to participate in the arbitration of Petitioner's claim.

109.    Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

110.    The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

111.    The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

112.    Respondent refuses to arbitrate as agreed.

113.    Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, KERI NAES, respectfully request that this Court enter judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

## COUNT VIII
### *Nice v. Adtalem*
**(PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4)**

114.    Nice repeats and realleges  the allegations contained in Paragraphs 1 through 43 of the Complaint as Paragraph 114 of Count VIII as though fully set forth herein.

115.    Petitioner has performed all conditions, covenants, and promises on his part to be performed in accordance with the terms and conditions of the Contract.

116.    Adtalem expressly agreed to arbitrate Petitioner's Consumer Fraud Claims and further agreed to the rules to be applied and allocation of fees.

117.    Adtalem voluntarily agreed to arbitrate these claims pursuant to the AAA Consumer Arbitration Rules and pay the required filing fees.

118.    Adtalem refused to participate in the arbitration of Petitioner's claim.

119.    Adtalem's refusal to pay filing fees as agreed is in contravention of the arbitration agreement.

120. The Federal Arbitration Act, § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement** ."

121. The "manner provided for" here is pursuant to AAA Consumer Arbitration Rules with JAMS as the forum.

122. Respondent refuses to arbitrate as agreed.

123. Adtalem has manifested an intent not to arbitrate Petitioner's Consumer Fraud Claim.

WHEREFORE, Petitioner, MARC NICE, respectfully requests that this Court enter judgment against Respondent, ADTALEM GLOBAL EDUCATION, INC., compelling it to arbitrate the Petitioner's claim as agreed and all other relief that this Court deems just and appropriate under the circumstances.

Respectfully submitted,
**JESSE CROASMUN, ANTHONEY FRANKLIN , MARTIN HERTZFELD, KAMILLA ILISHAYEVA, MUSTAFA JAMEEL , MENONA MASSEI, KERI NAES, and MARC NICE**
Petitioners,

By: /s/*Alexander N. Loftus*
One of Their Attorneys

Andrew Stoltmann, Esq.
Alexander Loftus, Esq.
STOLTMANN LAW OFFICES
161 N. Clark St. Suite 1600
Chicago, Illinois 60601
p: 312.332.4200
andrew@stoltlaw.com
alex@stoltlaw.com

February 26, 2020